IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Arvette Benson<br>　　　　　　　Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee<br>　　　　　　　Movant<br>vs.<br>Arvette Benson<br>　　　　　　　Debtor<br>William C. Miller Esq.<br>　　　　　　　Trustee | NO. 14-18122 MDC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,117.95**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 1, 2017 to October 1, 2017 at $1,092.12/month<br>November 1, 2017 to March 1, 2018 at $1,168.67/month |
| Suspense Balance: | $1,093.88 |
| **Total Post-Petition Arrears** | **$9,117.95** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan, including any necessary motions, to include the post-petition arrears of **$9,117.95**. The Amended Plan must include a provision stating that going forward, regular monthly payments will be made through the Plan and paid by the Trustee.

b). Monthly payments due April 1, 2018 will resume through the plan in the amount of $1,168.67 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $9,117.95 along with the pre-petition arrears;

d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 15, 2018            By: /s/ Rebecca A. Solarz, Esquire
                                   Rebecca A. Solarz, Esquire
                                   KML Law Group, P.C.

Date: 03/22/2018                   /s/ Mark M. Billion
                                   Mark Matthew Billion
                                   Attorney for Debtor

Date: 3/28/18                      William C. Miller
                                   Chapter 13 Trustee

*Without prejudice to any trustee rights or remedies*

Approved by the Court this 29th day of March, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman